OPINION
{¶ 1} Donald Sorg appeals from his conviction of rape and aggravated burglary in the Greene County Common Pleas Court.
 {¶ 2} Sorg was originally indicted for rape, kidnaping, and aggravated burglary in 2007 for crimes committed in 2001. Sorg was discovered because DNA evidence tied *Page 2 
him to the crimes. Sorg had a prior history of sexually oriented offenses. He pleaded guilty to the rape and aggravated burglary and the State nollied the kidnaping charge. He was sentenced to ten years on the rape charge and nine years on the aggravated burglary.
 {¶ 3} Sorg's appellate counsel has examined the record and states he can find no meritorious argument to be made to this court. Counsel notes that while Sorg expressed some dissatisfaction with his trial counsel, the court noted that his counsel was an experienced lawyer. The trial court noted that counsel was assisted by two court-appointed experts in reviewing the critical DNA evidence in the hands of the State.
 {¶ 4} The trial court determined that Sorg entered a knowing and voluntary plea after the record disclosed that he was twenty-nine years old with ten years of schooling at the time of the plea. He indicated he was able to read and understand English and that he was a United States citizen, that he was not under the influence of any drugs, alcohol, or medicine, and he did not have any physical or mental impairment that would affect his ability to understand the proceedings. Sorg told the court that he had discussed with his attorney the nature of the charges and possible penalties, the evidence and possible proof that the State had against him, possible defenses that may apply, and the nature of the crimes he was accused of. He stated he did not feel rushed, compelled, threatened, or coerced into his plea, and he had not been promised any specific sentence or outcome to make his plea. (Plea Hearing Tr. at 29-30.) He indicated that his attorney had not caused him to make his decision. (Id. at 30.) Finally, he indicated he was making his plea voluntarily, with the understanding that a guilty plea a was a complete admission of guilt. (Id. at 31-32.) *Page 3 
 {¶ 5} The trial court went on to go over the terms of the agreement with Sorg, specifically that he would plead guilty to the charges of rape and aggravated burglary in return for the State's dismissal of the kidnaping charge. (Id. at 33.) The court informed Sorg of the maximum penalties; including the fact that prison was mandatory and the maximum term could be twenty years, with a mandatory post-release control for a period of five years, and explained what that meant.
 {¶ 6} The court proceeded to inform Sorg of the constitutional rights he was giving up. Specifically, he was informed that he would give up the following rights: a right to a trial, a right to a speedy and public trial by jury, a right of compulsory process to issue subpoenas to witnesses to testify in his favor, a right to require the State to prove his guilt beyond a reasonable doubt with regards to each and every element of the two charges and that it was the State's burden, his right to confront witnesses, and his right against self-incrimination. (Id. at 39-40.) After going through this information, Sorg still entered his plea of guilty. (Id. at 40.)
 {¶ 7} At the sentencing hearing the State sought the maximum sentence based on the lack of remorse and the offensive nature of the violation. (Sentencing Hearing Tr. at 3-6.) Sorg's counsel acknowledged that it was a serious crime, but that it was not the most aggravated instance that the court had seen. Counsel also pointed out that since this offense took place in 2001, Mr. Sorg had undergone sex offender therapy on another case and that he had not had any sexual offenses or offenses of violence following that therapy. (Id. at 8.) Sorg did not exercise his right to speak at the sentencing hearing. (Id. at 10.) The court designated Sorg as a Tier III sex offender and advised him of his duties and responsibilities related thereto. *Page 4 
 {¶ 8} We have reviewed the record and we agree that there are no meritorious issues related to this appeal. At the sentencing, the court noted that Sorg submitted a DNA sample to the Xenia Police Department who then had it analyzed. The analysis indicated that Sorg's DNA was found inside the rape victim. The evidence also revealed that Sorg entered the rape victim's home through an open window. There is no indication that Sorg's counsel did not carefully assess the strength of the State's case and make an appropriate recommendation to Sorg regarding the State's offer to accept a negotiated plea. The sentence imposed upon Sorg was within the statutory range authorized. Sorg had previously served a sentence for a sexually oriented offense. There is nothing in this record to indicate the sentence imposed was disproportionate to sentences imposed on other offenders similarly situated.
 {¶ 9} The record supports the finding of the trial court that Sorg entered voluntary and intelligent pleas. Based on our independent review of this record, we are satisfied Sorg was properly convicted and sentenced and that he received appropriate appellate representation. SeeAnders v. California (1976), 386, U.S. 738. The judgment of the trial court is Affirmed.
DONOVAN, P.J., and WOLFF, J., concur.
Copies mailed to:
Stephen K. Haller Elizabeth K. Ellis Shawn P. Hooks Donald Sorg Hon. Stephen Wolaver *Page 1